IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP D. ANTHONY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-CV-622-JED-PJC |
| JOHN BONNEWITZ and BONNEWITZ FAMILY LP, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Before the Court is defendant John Bonnewitz's Motion to Dismiss (the "Motion") (Doc. 12). Defendant's Motion argues that plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(h)(3) because the Court lacks subject matter jurisdiction.

**I.    Background**

Plaintiff filed this case on September 19, 2013 alleging that defendants engaged in "deceitfully [sic] and fraud behavior" by overcharging him for home insurance. (Doc. 1 at 1-2). Although unclear, it appears that plaintiff alleges that he was overcharged in the amount of $831.91. (*Id.* at 2). On August 24, 2016, the Court issued an Order to Show Cause based on plaintiff's failure to serve any defendant. (Doc. 6). Plaintiff timely complied. (Docs. 8, 9, 10).

Defendant Bonnewitz filed this Motion on November 7, 2016. On November 16, 2016, the Court granted plaintiff's request for an extension of time to respond to the Motion and allowed plaintiff until December 28, 2016 to submit his Response.[1] (Doc. 21). Despite the ample time provided to plaintiff, he did not file a Response. It also appears that defendants have encountered

---

[1] The Minute Order also provided: "No further extensions of time will be contemplated." (Doc. 21).

significant difficulty in communicating with plaintiff, who did not contribute to the parties' Joint Status Report (Docs. 22, 23).

## II.   Plaintiff's Pro Se Status

Plaintiff is proceeding pro se. Pro se pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate.").

## III.   Subject Matter Jurisdiction

A district court must dismiss an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing such jurisdiction." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). Federal district courts have original jurisdiction over claims that arise under federal law, known as federal question jurisdiction, and claims between citizens of different states where the amount in controversy exceeds $75,000, known as diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a)(1). The liberal construction principles applicable to pro se plaintiffs "apply with full force" to jurisdictional inquiries. *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012).

Defendant Bonnewitz's Motion argues that plaintiff has failed to establish either federal question or diversity jurisdiction. Even construing plaintiff's Complaint liberally, the Court agrees with defendant.

### A. Federal Question Jurisdiction

"Generally, the 'well-pleaded complaint' rule requires that the federal question appear on the face of the plaintiff's complaint." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm'n*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff's Complaint asserts federal jurisdiction "in the District Court in and for Tulsa County State of Oklahoma." (Doc. 1 at 1). Plaintiff does not identify any federal law under which he claims entitlement to relief, nor does he allege any facts that show the case has any relationship to federal law. The Court agrees with defendant that there is no basis to exercise federal question jurisdiction over plaintiff's case.

### B. Diversity Jurisdiction

Similarly, plaintiff has not alleged jurisdictional facts to support the existence of diversity jurisdiction. Diversity jurisdiction attaches "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Int'l Petrol. Corp.,* 897 F.2d 461, 463 (10th Cir. 1990). The Complaint provides that all parties are citizens of Oklahoma. (Doc. 1 at 1). This fact alone defeats diversity jurisdiction. Plaintiff is also unable to establish the requisite amount in controversy, as he has only alleged that he was wrongfully charged $831.91—an amount that falls far short of the $75,000 requirement. *See id.* Likewise, plaintiff is unable to establish diversity jurisdiction.

### IV.     Conclusion

The Court has construed the allegations of the plaintiff's pro se Complaint liberally. However, the Court finds no federal question or diversity jurisdiction. Accordingly, the Court finds no basis to exercise subject matter jurisdiction.

The plaintiff's Complaint (Doc. 1) is hereby **dismissed without prejudice.** A separate judgment of dismissal will be filed forthwith.

SO ORDERED this 6th day of January, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE